UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


Nathaniel Hamilton,

       Petitioner,

v.                                             Case No. 1:12-CV-00806
                                             HON. R. ALLAN EDGAR

Carmen Palmer,

       Respondent.

_____/


**<u>OPINION AND ORDER</u>**

       Petitioner filed this § 2254 petition for writ of habeas corpus challenging the

validity of his State court conviction based on ineffective assistance of counsel and an incorrect

application of the sentencing guidelines to his case.  Petitioner pleaded guilty and was convicted

of second degree murder (M.C.L. § 750.317), and was sentenced to forty-two to eighty years

imprisonment on March 15, 2010.  Respondent has filed a Motion to Dismiss Petitioner's claim,

and Petitioner has responded.  The case is now ready for decision.

       Petitioner admittedly stabbed and killed a man, ultimately leading to his second

degree murder conviction in 2010.  Petitioner pleaded guilty to the charge after the Prosecutor

placed the plea agreement on the record two separate times.  The plea agreement dismissed the

habitual-offender enhancement and six separate charges.  At the plea hearing, the trial Judge

informed Petitioner that the maximum possible sentence for second degree murder was life or

any term of years.  Petitioner confirmed his understanding of this information, and further stated

that his attorney had informed Petitioner of his rights, the plea agreement, and the maximum

possible sentence.  The trial court sentenced Petitioner to a minimum of 504 months (forty-two years) imprisonment.

Six months after being sentenced, Petitioner motioned to withdraw his guilty plea on the same grounds raised before this Court.  The trial court declined his motion on November 23, 2010.

Petitioner maintains that his conviction was obtained in violation of his federal rights.  This petition sets forth two claims for relief: (1) to withdraw Petitioner's guilty plea due to ineffective assistance of counsel, and (2) to be re-sentenced due to an incorrect application of the sentencing guidelines.  Respondent has filed a motion to dismiss Petitioner's application for habeas corpus relief (Docket # 10), and Petitioner has filed a response to the motion (Docket # 25).  The matter is now ready for decision.

I.

Petitioner filed this petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996.  PUB. L. 104-132, 110 STAT. 1214 (AEDPA); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002) (noting that AEDPA prevents federal habeas "retrials" and ensures state convictions are made under state law).  28 U.S.C. § 2254(d) provides that any habeas application by a person in state custody shall not be granted in regards to any claim that has previously been adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

This Court may only consider "clearly established holdings" of the Supreme Court, not lower federal courts, in analyzing a petitioner's claim under § 2254. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). A decision of the state court may only be overturned if: (1) it applies a rule contradicting Supreme Court governing law, (2) it contradicts a set of facts materially indistinguishable from a Supreme Court decision, (3) it unreasonably applies correct Supreme Court precedent to the facts of the case, (4) it unreasonably extends Supreme Court legal principles where it should not apply, or (5) it unreasonably refuses to extend Supreme Court legal principle where it should apply. *Bailey*, 271 F.3d at 655; *see also Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" simply because that court decides, in its own judgment, that the relevant state decision applied federal law incorrectly. *Williams*, 529 U.S. at 410-11 (noting that it must instead determine if the state court's application of clearly established federal law was "objectively unreasonable"). This Court defers to state court decisions when the state court addressed the merits of petitioner's claim. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000); *see Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (allowing review of habeas application *de novo* when state court clearly did not reach the question). When applying AEDPA to state factual findings, factual issues by state courts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429.

After applying the standards under AEDPA to Petitioner's case, this Court

concludes that Petitioner has not provided clear and convincing evidence that the state court improperly applied clearly established federal law to the facts of Petitioner's case.

II.

Petitioner argues that this Court should grant him relief because: (1) his trial counsel was ineffective for wrongly predicting Petitioner's actual sentence, and (2) his sentence score was incorrect.  This Court reviews both of these claims individually.

## A. Ineffective Assistance of Counsel

Petitioner argues that he should be allowed to withdraw his guilty plea because trial counsel told him that he would be sentenced to fifteen to twenty years, rather than forty-two to eighty.  Because Petitioner claims he pleaded guilty based on the incorrect advice of defense counsel, Petitioner may only challenge the voluntary and intelligent nature of his plea by showing that his counsel was ineffective.  *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).

To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984) (noting that defendant must prove both prongs, deficient performance and prejudice, to prevail).  In reviewing an ineffective assistance of counsel claim, courts must strongly presume that counsel's conduct "falls within the wide range of reasonable professional assistance."  *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).  The main issue then is simply whether petitioner's counsel was "so thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" *Id.*

(quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc), *cert. denied*, 113

S. Ct. 2969 (1993)).  In the plea bargain context, Petitioner must show that but for his trial

counsel's errors, Petitioner would have gone to trial.  *Hill*, 474 U.S. at 56-60.

   Under the first prong of *Strickland*, Petitioner has failed to prove that his defense

counsel performed deficiently.  Petitioner alleges that his defense counsel told him, in private,

that Petitioner would receive a sentence ranging from fifteen to twenty years upon a plea of guilty

to second degree murder.  However, Petitioner has not corroborated this allegation with anything

but his own self-serving affidavit and statements.  Even if Petitioner had provided sufficient

evidence to corroborate his claim, this Court still finds that Petitioner's counsel did not perform

deficiently.  Mere inaccurate predictions of a potential sentence are generally not indicators of

deficient performance.  *See, e.g., Stout v. United States*, 508 F.2d 951, 953 (6th Cir. 1975) ("A

plea is not rendered involuntary merely because a prediction that a guilty plea will result in a

light sentence does not come true.").  Moreover, during Petitioner's plea colloquy, Petitioner was

asked if anyone made any promises or assurances causing him to enter a guilty plea, to which

Petitioner responded negatively.  Consequently, Petitioner's counsel did not perform deficiently

by allegedly making an inaccurate prediction regarding Petitioner's possible sentence.

   Even if Petitioner's defense attorney had performed deficiently, this Court

concludes that Petitioner was not prejudiced by his trial attorney's performance.  Petitioner has

not shown that but for his defense attorney's advice, Petitioner would have chosen to go to trial

rather than plead guilty to second degree murder.  Instead, Petitioner argues that he only pleaded

guilty because he thought he would be given a lesser sentence.  However, Petitioner makes this

claim despite having gone through an extensive plea colloquy and reiteration of the potential

sentence at Petitioner's plea hearing. As the state court correctly noted, if Petitioner had

objections or was confused about the potential sentence for second degree murder, he had ample

opportunity to make his concerns known. Since Petitioner has not proven that he would have

gone to trial but for his attorney's deficient performance, Petitioner has not met his burden and

his request to withdraw his plea is denied.

        The trial court's reasoning in denying Petitioner's claim of ineffective assistance

of counsel is analogous to the reasoning set forth by this Court:

> The record is very clear the plea agreement on the record contains no
> such promise; and there are 2 or 3 occasions when the defendant certainly
> could've let us know that that was the circumstance. The record is also very
> clear that the defendant was under oath at the time he gave those responses
> about there being no other promises made to him. He acknowledged hearing
> and understanding the plea agreement; specifically, I asked him not only did
> he hear the representation as—as to what the plea agreement was, but
> whether he further understood that representation, and—and then there was
> a third question, of course, as to whether anybody had promised him to [sic]
> tricked him or forced him in any way, and, under oath, he said, no, that there
> were no other promises made to him. And, as [Berrien County Assistant
> Prosecuting Attorney Patricia] Ceresa, points out, that would've been the
> time for him to bring that to our attention. That frequently happens if there
> is a representation, even a mistaken representation, or a representation by
> Defense counsel to a client that they believe the sentencing guidelines range
> will be here, defendants frequence [sic]—will—will be in a certain range.
> Defendants will frequently speak up in response to those questions and ask
> the Court, well, you know, they told me that the sentencing guidelines are
> gonna be this, or my mid—minimum sentence would be this. No such
> question was asked here. When those questions come up, of course, we go
> back over that issue and explain to the defendant and then—and sure that the
> Prosecutor and the Defense attorney have correctly stated the plea agreement
> and that no such promises were made with respect to sentencing. The
> defendant did not speak up. He did acknowledge, as I said, that no other
> promises were made to him. He also acknowledged under oath that the—that
> his plea was in fact voluntary. He said it was his own choice. I asked him
> that specific question, in addition to whether anybody had forced him or
> tricked him or promised him anything. . . .
>         I understand that your claim, Mr. Foster, is that this promise made by

the Defense attorney in—ultimately can affect the—the volitional act of the defendant, whether or not he truly understood what he was doing, whether it's voluntary if he thinks something else is gonna happen.  Also, your suggestion that the plea would be involuntary—it could be involuntary if he got bad advice, if there was ineffective assistance of counsel.  I don't see that this rises to that level.  In fact, the only evidence that there is that such [sic] a statement or a promise was made is Mr. Hamilton's own self-serving affidavit.  There's nothing from Mr. Miller to corroborate it, and, his affidavit now, late in the game, after he's been sentenced, is a bit suspect given what he said under oath in the courtroom.  That was an extensive plea proceeding I—and—and a thorough plea proceeding from a review of the record.

So . . . I'm finding that there is not sufficient evidence here of anything that was involuntary or illusory in this plea agreement such as to render the plea invalid and to permit him to withdraw it.

Answer in Opp'n to Pet. at 23-24 (Apr. 23, 2013) (citing Nov. 23, 2010 Mot. Tr. at 11-13).

The State court's review of this claim is thorough and complete.  Petitioner has not met the first prong under *Strickland*—that his trial counsel performed deficiently for allegedly making an inaccurate prediction of Petitioner's potential sentence.  *Stout*, 508 F.2d at 953 ("A plea is not rendered involuntary merely because a prediction that a guilty plea will result in a light sentence does not come true.").  Because Petitioner has not put forth new facts that would change this outcome, Petitioner has failed to show that his trial counsel was ineffective.  Therefore, Petitioner's request to withdraw his plea based on ineffective assistance of counsel is denied.

**B. Incorrect Application of the Sentencing Guidelines to Petitioner's case**.

Petitioner claims his sentencing score was incorrect and that he should be re-sentenced as a result.  However, even if this Court were to read the merits of Petitioner's argument, an improper sentence scoring claim is a state law claim, which is typically not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (noting federal courts normally do not review a sentence for a term of years that falls within the

limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir.

2000) (stating alleged violation of state law with respect to sentencing is not subject to federal

habeas relief). There is no constitutional right to individualized sentencing. *Harmelin v.*

*Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).

Moreover, a criminal defendant has "no federal constitutional right to be sentenced within

Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d

474, 485 (E.D. Mich. 2004); *Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004).

Although state law errors generally are not reviewable in a federal habeas

proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to

amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth

Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing

*Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)); s*ee also Doyle*, 347 F. Supp. 2d at 485

(noting a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion,

terms of a sentence that is within state statutory limits unless the sentence is so disproportionate

to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may

violate due process if it is based upon material "misinformation of constitutional magnitude."

*Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see*

*also United States v. Tucker,* 404 U.S. 443, 447 (1972). To prevail on such a claim, the

petitioner must show that the information before the sentencing court was materially false, and

that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at

447;*United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). A sentencing court

demonstrates actual reliance on misinformation when the court gives "explicit attention" to it,

"found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence.  *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence is clearly not so disproportionate to the crime as to be arbitrary or shocking.  *Doyle*, 347 F. Supp. 2d at 485.  Petitioner pleaded guilty and was convicted of second degree murder for having stabbed a man in the chest, resulting in the victim's death.   At his plea hearing, Petitioner stated on the record that he understood the possible sentence range for this crime to be "imprisonment in the state prison for life, or any term of years, in the discretion of the court trying the same."  MICH. COMP. LAWS § 750.317.  Based on this knowledge and Petitioner's own acknowledgment of it, the trial Judge sentenced Petitioner to forty-two to eighty years imprisonment.  Given the violent nature of the crime and Petitioner's understanding of the possible sentence during the plea colloquy,  Petitioner's sentence of forty-two to eighty years imprisonment is not so disproportionate to the crime that it is arbitrary or shocking.  *See Doyle*,347 F. Supp. 2d at 485; *see, e.g., Friday v. Pitcher*, 200 F. Supp. 2d 725, 743-44 (E.D. Mich. 2002), aff'd, 99 F. App'x 568 (6th Cir. 2004) (noting sentence of twenty-five to sixty-five years); *Dillard v. Prelesnik*, 156 F. Supp. 2d 798, 800 (E.D. Mich. 2001) (noting sentence of twenty-five to forty years).

Further, Petitioner does not argue that the facts found and used by the court in determining his sentence were either materially false or that the court based its sentence on false information.  *Tucker*, 404 U.S. at 447.  While Petitioner initially objected to use of a past conviction to score one of his prior record variables (PRV) during his sentencing hearing, Petitioner never indicated that this conviction was false.  Instead, Petitioner, withdrew his objection when he agreed that regardless of whether the past conviction in question was included

in his PRV score, his possible sentence would not be affected.  Simply because Petitioner now believes that the court's reliance on Petitioner's then agreed upon sentence score was erroneous does not qualify this claim as being so egregious as to implicate due process.  Consequently, this Court denies Petitioner's request for re-sentencing.

III.

This Court concludes that both of Petitioner's claims are without merit.  Should Petitioner choose to appeal this action, the Court must determine whether a certificate of appealability may be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Each issue must be considered under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000).  Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.  The Court examined each of Petitioner's claims under the *Slack* standard and concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong.  Therefore, the Court denies a certificate of appealability as to each issue raised.

For the same reasons the Court dismissed this action, the Court will certify that any appeal by Petitioner from the Court's decision and judgment would be frivolous and not taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24.  Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is hereby denied.

In summary, Petitioner's motion for post-conviction relief (Docket # 1) pursuant

to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.  A judgment

consistent with this Opinion and Order will be entered.

**SO ORDERED**.


Dated:  5/27/2015                                          */s/ R. Allan Edgar*
                                                          R. ALLAN EDGAR
                                                          UNITED STATES DISTRICT JUDGE